UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-00025-SEP |
| ) | |
| SQUARE ONE HOLDING GROUP, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM AND ORDER

Before the Court is Scottsdale Insurance Company's Motion for Default Judgment against Defendant Square One Holding Group, Inc. Doc. [20]. For the reasons set forth below, the motion is granted.

### I.      Factual and Procedural Background

The following facts are alleged in the Complaint.[1] Plaintiff brings the instant action for declaratory relief under 28 U.S.C. §§ 2201 and 2202, asking the Court to determine the parties' rights and obligations under insurance policy No. EKS3412841, which was issued by Scottsdale to non-party Mainline Partners, LLC. Doc. [1] ¶ 11. The Policy provides coverage for certain claims made against Mainline or other "Insureds" during the Policy Period of January 5, 2022, to January 5, 2023. *See* Doc. [1-1]. Defendant Square One Holding Group, Inc. was one such Insured. Doc. [1] ¶ 2. Scottsdale denied coverage for a lawsuit in which Square One was sued in 2022 by Michael and Susan Hansen, *Hansen, et al. v. Square One Holding Group, Inc.*, No. 30-2022-01288810-CU-BC-CJC, in the Superior Court of Orange County, California, (the Underlying Lawsuit).

The plaintiffs in the Underlying Lawsuit alleged that Square One operated a fraudulent timeshare termination scheme. Doc. [1] ¶ 2. Square One allegedly made a series of misrepresentations about its success rate and money-back guarantee, among other things. *Id*. ¶ 25. As part of the alleged scheme, Square One entered into a contract with the Hansens, which detailed the terms of Square One's services. *Id*. ¶ 25. The scheme resulted in at least

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the Complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

$58,600 in funds paid to Square One by the Hansens. *Id*. ¶ 27. The Underlying Lawsuit asserts multiple causes of action against Square One, including fraudulent inducement, concealment, financial elder abuse, violation of California Penal Code section 496, and breach of contract. *Id*. ¶ 28.

Scottsdale alleges that the Policy's "Professional Services Exclusion" excludes coverage for lawsuits based upon or arising out of an Insured's rendering or failure to render professional services—such as Defendants' timeshare termination services. Plaintiff also asserts that the Policy's "Contract Exclusion" applies because the Underlying Lawsuits are claims arising out of breach of contract. Scottsdale seeks a declaration that the Policy does not afford any coverage to Square One Holding Group, Inc., for defense or indemnity of the Underlying Lawsuit.

On January 9, 2023, Plaintiff filed a Complaint for Declaratory Judgment. Doc. [1]. Defendant's answer to the Complaint was due by no later than August 21, 2023. Clerk's Entry of Default was entered against Defendant on December 26, 2023. Doc. [12]. As of the date of this Order, Defendant has not filed an answer or otherwise contested the Complaint. Additionally, Defendant has not responded to the clerk's entry of default or to the motion for default judgment.

**II.     Legal Standard**

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Under Federal Rule of Civil Procedure 55(a), a court may enter default judgment for failure "to plead or otherwise defend." Fed. R. Civ. P. 55(a). "In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint." *Rankin v. National Credit Works II, LLC*, 2011 WL 5222601, at *1 (E.D. Mo. Nov. 2, 2011) (citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir.1988)). The Court therefore accepts Plaintiff's allegations as true, except for those relating to the amount of damages. *See Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc*., 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted) (After default has been entered, "the allegations of the complaint, except as to the amount of damages

are taken as true."). For purposes of determining the amount of damages, the Federal Rules provide:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

### III.   Discussion

Insurance companies may seek declaratory judgment relief under 28 U.S.C. § 2201 for judicial declarations that insurance policies do not afford coverage for underlying lawsuits against insureds. *Cent. Bank v. St. Paul Fire & Marine Ins.*, 929 F.2d 431, 433 (8th Cir. 1991). Taking the allegations in the Complaint as true, and as further discussed below, Plaintiff Scottsdale is entitled to a declaratory judgment in its favor clarifying that it is not obligated to provide coverage to Defendants for the Underlying Lawsuit.

Scottsdale alleges that Policy No. EKS3412841 contains two provisions that unambiguously bar coverage to Defendant with respect to the Underlying Lawsuit. Doc. [1] ¶¶ 11-12. The first exclusion relied upon, the Professional Services Exclusion, bars coverage for claims involving the insured's rendering or failing to render professional services. *Id.* ¶ 20. The legal timeshare termination services at issue in the Underlying Lawsuit constitute professional services. *Id.* ¶ 34. Thus, because the Underlying Lawsuit claims are based upon Defendants' alleged failure to render professional services, the Professional Services Exclusion bars coverage. *Id.* ¶ 35. The second exclusion relied upon, the Contract Exclusion, states that Scottsdale is not liable for loss due to any claim "based upon, arising out of, attributable to, [or] directly or indirectly resulting from . . . the actual or alleged breach of any contract or agreement." Doc. [1-1] at 26. The Underlying Lawsuit alleges that Square One breached the Agreement between the Hansens and Square One. *Id.* ¶ 28. Accordingly, the Policy's Contract Exclusion explicitly bars coverage for the Underlying Lawsuit, and Scottsdale has no duty to indemnify or defend Square One with respect to the same. *Id.* ¶ 43; *see Sachtleben v. Alliant National Title Insurance Co.*, 687 S.W.3d 624, 631 (Mo. 2024) (unambiguous insurance policy exclusion must be enforced as written absent public policy to the contrary).

3

The Court concludes, then, that under the unambiguous language of the Policy, there is no coverage for the Underlying Lawsuit. *See Rodriguez v. Gen. Acc. Ins. Co. of Am.*, 808 S.W.2d 379, 382 (Mo. 1991) ("[W]here insurance policies are unambiguous, they will be enforced as written absent a statute or public policy requiring coverage.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [20], is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff Scottsdale Insurance Company and against Defendant Square One Development Group.

**IT IS FINALLY ORDERED** that Scottsdale has no duty to defend and/or indemnify Defendant Square One Development Group, Inc. under the Policy in connection with the Underlying Lawsuit.

Dated this 15th day of November, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4